IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) NOVARTIS PHARMACEUTICALS CORPORATION, ) ) ) Defendant. ) | CIVIL ACTION NO. 05 0404 COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Charging Party Bethany Brandstatter who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Ms. Brandstatter, a Sales Representative, was subjected to illegal retaliation after she engaged in protected activity under Title VII when she complained to Defendant's Human Resources office of sexual harassment by her male supervisor, the District Manager.

The adverse action taken by Defendant included the District Manager placing her on a Territory Coaching Plan, denying her requests for required training, which, in turn, denied her the ability to be promoted, the denial of salary increases, exclusion from group e-mails and voice-mails, and general isolation from her colleagues and District Manager. As a result of the retaliation, which detrimentally affected her work environment, as well as the terms and conditions of her employment, Ms. Brandstatter was constructively discharged on August 29, 2003. Ms. Brandstatter suffered

extreme physical and emotional distress damages, as well as backpay losses, as a result of the illegal employment practices of Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a..

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Novartis Pharmaceutical Corporation (the "Employer"), has continuously been a Delaware corporation doing business in the State of Pennsylvania and the City of Pittsburgh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Bethany Brandstatter filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 7, 2002, Defendant Employer has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-2000e-2, as follows:

(a) On September 3, 2002, Ms. Brandstatter complained to Defendant's Human Resources Manager that she was being subjected to sexual harassment from her direct supervisor, District Manager, Ivory Gethers. On October 2, 2002, Defendant's officials met with Gethers, and soon thereafter, issued a stern warning letter to him.

(b) On October 7, 2002, while on a sales call ride-along, Gethers advised Ms. Brandstatter that he was aware she had complained about his conduct and told her that she should not have complained directly to Human Resources. During this ride-along, Gethers announced to Ms. Brandstatter that he would be placing her on a Territory Coaching Plan ("TCP.")

(c) On December 9, 2002, District Manager Gethers placed Ms. Brandstatter on a Territory Coaching Plan. The Plan was to run from December 18, 2002 until March 18, 2003.

(d) On January 28, 2003, during a ride-along session between Ms. Brandstatter and District Manager Gethers, he advised her that he was reducing her performance rating for 2002 to a "partially meets" rating because she had complained to Human Resources about his conduct. In January 30,

2003, Ms. Brandstatter contacted Defendant's Human Resources office and left a message because she was concerned about possible retaliation by Gethers. Her call was not returned.

(e) On February 4, 2003, Ms. Brandstatter again called and complained to Defendant's Human Resources official, Maria LaRosa, that Gethers was subjecting her to retaliation with regard to her performance review. LaRosa advised Ms. Brandstatter that she did not have a basis for a complaint because the sexual harassment had ceased. Nonetheless, Ms. Brandstatter continued to complain of retaliation to Defendant's Human Resources office.

(f) On February 18, 2003, Ms. Brandstatter complained to Gary Branch, Defendant's Regional Director, that Gethers was subjecting her to retaliation in the form of excess scrutiny and criticism over her performance.

(g) On March 7, 2003, during a ride-along with Gethers, Ms. Brandstatter asked if she would receive a salary increase, as several sales representatives in the same district had advised her that they were receiving raises. Gethers responded that she would not receive a raise because she was on a coaching plan. On that day, Ms. Brandstatter again complained of retaliation to Defendant's Human Resource office.

(h) On March 14, 2003, Branch asked Ms. Brandstatter to meet with Defendant's District Manager, Joseph Hazelton, who covered the York, Pennsylvania district, to contemplate a transfer. On March 16, 2003, Ms. Brandstatter met with Hazelton, but she ultimately decided to reject the transfer, as it would cause her a hardship.

(i) Although Ms. Brandstatter's TCP was to end on March 18, 2003, Gethers did not remove her from the plan until April 11, 2003, when he advised her she had successfully completed the TCP.

(j) In or about late April 2003, Ms. Brandstatter observed that her name was not included on the Phase III Training list, and inquired why. She asked a Training Manager why she was not included on the list for the training, and was advised her to speak with Gethers. When Ms. Brandstatter asked Gethers why she was not included on the Phase III training list, he advised her that he could not give her any information about why it was not. Further inquiries by Ms. Brandstatter about the training were also directed back to Gethers.

(k) After her numerous complaints of retaliation, in April 2003, Ms. Brandstatter began to be ostracized and isolated by Gethers, who failed to include her in group voice-mails and e-mails sent to other Sales Representatives in her unit. In June 2003, Phase III training took place and several Sales Representatives in Ms. Brandstatter's division attended. Upon information and belief, three of Ms. Brandstatter's colleagues who attended the training were promoted to Sales Consultant, with concurrent salary raises.

(l) On August 29, 2003, Ms. Brandstatter was forced to resign due to the continuing retaliation caused by Gether's conduct, of which Defendant's managers were aware, but failed to take any remedial action to correct.

8. The effect of the practices complained of in paragraph 7 (a) through (l) above has been to deprive Ms. Brandstatter of equal employment opportunities and otherwise adversely affect her status as an employee, because she engaged in protected activity under Title VII.

9. The unlawful employment practices complained of in paragraph 7 (a) through (l) above were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 (a) through (l) above were done with malice or with reckless indifference to the federally protected rights of Ms.

Brandstatter because she engaged in protected activity under Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against employees who complain of such and in any other employment practice which operates to retaliate against employees.

B.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of retaliation.

C.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant Employer to make whole Bethany Brandstatter by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay, front pay, and reinstatement.

E.  Order Defendant Employer to make whole Bethany Brandstatter by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 7 (a) through (l) above, including medical expenses, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Bethany Brandstatter and other affected

female employees, to be identified through this litigation, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 (a) through (l) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Bethany Brandstatter punitive damages for its malicious and/or reckless conduct described in paragraph 7 (a) through (l) above, in an amount to be determined at trial.

H. Grant such further relief as this Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Jacqueline H. McNair*
JACQUELINE H. McNAIR
Regional Attorney

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*/s/ M. Jean Clickner*
M. JEAN CLICKNER
Trial Attorney
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (fax)

**CIVIL COVER SHEET**

`05 0404`

JS-44

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

**DEFENDANTS**
NOVARTIS PHARMACEUTICALS CORPORATION,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __ Allegheny __
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
M. Jean Clickner, Esq., 412-644-6439, EEOC, Pittsburgh Area Office, Liberty Center, Suite 300, 1001 Liberty Avenue, Pittsburgh, PA 15222

Attorneys (If Known)
Joel L. Finger, Esq., Brown Raysman, Millstein Felder & Steiner, LLP, 900 Third Avenue, New York, NY 10022, 212-895-2340

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)
[X] 1. U.S. Government Plaintiff
[ ] 2. U.S. Government Defendant
[ ] 3. Federal Question (U.S. Government Not a Party)
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | | [ ] 535 Death Penalty | [ ] 740 Railway Labor Act | |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 790 Other Labor Litigation | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | [ ] 791 Empl. Ret. Inc. Security Act | |
| | | | [ ] 871 IRS—Third Party 26 USC 7609 | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from another district (specify)
[ ] 6. Multidistrict Litigation
[ ] 7. Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Charging Party Bethany Brandstatter.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY  (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: March 24, 2005    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

JS 44A                                                                REVISED OCTOBER, 1993

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the (_____ Erie _____ Johnstown __(xx)__ Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venango or Warren, OR any plaintiff or defendant resides in one of said counties.
2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset, OR any plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B** (You are to check ONE of the following)
1. ___ This case is related to Number _____, Judge _____.
2. _(x)_ This case is not related to a pending or terminated case.

**DEFINITIONS OF RELATED CASES:**
CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit, or involves the same issues of fact or it grows out of the same transactions as another suit, or involves the validity or infringement of a patent involved in another suit.
EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
1. CIVIL CATEGORY (Place x in only applicable category).
   1. ( ) Antitrust and Securities Act Cases
   2. ( ) Labor-Management Relations
   3. ( ) Habeas Corpus
   4. (xx) Civil Rights
   5. ( ) Patent, Copyright, and Trademark
   6. ( ) Eminent Domain
   7. ( ) All other federal question cases
   8. ( ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest.
   9. ( ) Insurance indemnity, contract, and other diversity cases.
   10. ( ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct.

Date: _March 24, 2005_                                    _____
                                                                    ATTORNEY AT LAW

**NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.**