IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| v. | ) ) | 02: 05cv0404 |
| NOVARTIS PHARMACEUTICALS CORPORATION | ) ) ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 8, 2006

      Presently pending before the Court is the MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) filed by Defendant, Novartis Pharmaceuticals Corporation ("Novartis) and the MEMORANDUM IN OPPOSITION filed by Plaintiff, the Equal Employment Opportunity Commission ("EEOC"). After deliberate review of the filings of the parties and the applicable case law, the Motion to Dismiss will be denied.

**FACTS AND PROCEDURAL BACKGROUND**

      Bethany Brandstatter ("Brandstatter"), a former pharmaceutical sales representative of Novartis, filed a charge of discrimination with the EEOC on or about April 21, 2003, in which she alleged that she was sexually harassed and retaliated against by one of Novartis' District Managers, Ivory Gethers ("Gethers"). In her EEOC Intake Questionnaire, Brandstatter alleged that she complained of the harassment / retaliation to Gethers' immediate supervisor, Gary Branch, on February 18, 2003, and to Novartis Human Resources personnel, Joe Palumbo and Maria LaRosa, in September 2002, and February 4, 2003, respectively. Additionally, as a

result of the alleged retaliation, Brandstatter alleged she was constructively discharged from her employment with Novartis on August 29, 2003.

During its internal investigation of Brandstatter's complaints, Novartis discovered that Gethers had used inappropriate sexual language in group situations and that other female sales representatives were "uncomfortable" with Gethers. In fact, one female insisted on having her husband present when she met one on one with Gethers. (EEOC Group Ex. E and F).

On October 7, 2002, Gary Branch, Gethers' immediate supervisor, issued a "Conduct Memo" in which Gethers was informed that the internal investigation conducted by Novartis Human Resources "concluded by (sic) that you engaged in inappropriate remarks and conversation with members of your district, some of which were of a sexual nature, on more than one instance. . . . I must inform you that should there be a similar or related incident at any point in the future, we will have no alternative but to take further disciplinary action, up to and including termination of employment." EEOC Exhibit D.

The EEOC conducted its own investigation and on August 26, 2004 issued a Determination of reasonable cause in which it found that the "evidence indicates that [Bethany Brandstatter] was subjected to sexual harassment, and retaliated against for complaining of the harassment, in violation of Title VII. . . . [T]he evidence obtained during the investigation establishes a violation of the statute."

The Determination noted that Brandstatter had made known to Gethers that his conduct was "unwelcomed," that she had reported the conduct to Gethers' supervisor and Novartis Human Resources personnel, that Novartis had investigated the complaint and

2

determined that Gethers had "made off color, inappropriate comments to his work group which individuals in the group found offensive, thus creating a hostile work environment," and that Gethers was issued a written warning on October 7, 2002. The EEOC determined that because Gethers "is a manager, [Novartis] has vicarious liability." Affidavit of Martha Hartle Munsch, Tab B, EEOC Determination.

On March 25, 2005, the EEOC filed the instant Complaint in which it narrowed its focus and alleged only that Novartis had failed to take prompt or effective action upon notice of Brandstatter's claim of retaliation and that, as a result of the ongoing retaliation and Novartis' failure to address it, Brandstatter was constructively discharged. In its Prayer for Relief, the EEOC requests both victim-specific relief and general injunctive relief, *to wit*:

> "A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against employees who complain of such and in any other employment practice with operates to retaliate against employees.
>
> B.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of retaliation.
>
> C.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.
>
> D.   Order Defendant Employer to make whole Bethany Brandstatter by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay, front pay, and reinstatement.

3

    E.      Order Defendant Employer to make whole Bethany Brandstatter by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in [the Complaint], including medical expenses, in amounts to be determined at trial.

    F.      Order Defendant Employer to make whole Bethany Brandstatter and other affected female employees, to be identified through this litigation, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in [the Complaint], including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.      Order Defendant Employer to pay Bethany Brandstatter punitive damages for its malicious and/or reckless conduct described in [the Complaint], in an amount to be determined at trial.

    H.      Grant such further relief as the Court deems necessary and proper in the public interest.

    I.      Award the Commission its costs of this action."

Complaint, Prayer for Relief.

On May 6, 2005, Brandstatter, through private counsel, intervened in the action and alleged claims of both retaliation and sexual harassment. In February 2006, Brandstatter achieved a voluntary monetary settlement of all her claims against Novartis. On February 13, 2006, Novartis and Brandstatter filed a Joint Motion to Dismiss Intervenor's Complaint, which the Court granted on February 14, 2006.

Novartis has filed the instant Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) in which it asserts that because "Ms. Brandstatter has settled her claims against Novartis and because the Complaint filed by the EEOC does not challenge a policy or practice or allege discrimination against any other employee," this Court now "lacks subject

matter jurisdiction as required under Article III of the Constitution of the United States." In support of its position, Novartis points out that neither Brandstatter nor Gethers are employed by Novartis any longer.[1]

The EEOC vigorously opposes the motion to dismiss and contends that the factual allegations in the Complaint "extend beyond Mr. Gethers' retaliatory and harmful conduct toward Ms. Brandstatter. The Commission has alleged, and will prove, that Novartis' management and human resources staff failed to recognize Ms. Brandstatter's cry for help from retalitation and failed to take any action, must less prompt and effective action, as required by law." Memo. in Opp'n, at 7.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. Similarly, Federal Rule of Civil Procedure 12(h)(3) provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Although Novartis is the movant, the party invoking the federal jurisdiction, the EEOC here, has the burden of showing that jurisdiction is proper. The Court, in effect, presumes lack of jurisdiction unless the

---

[1] Brandstetter currently resides and works for another employer in the Chicago, Illinois area. Gethers terminated his employment with Novartis on January 10, 2005.

asserting party can prove otherwise.  *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).

Although this is an issue of first impression in this circuit, the Court is persuaded by the logic and reasoning of Judge I. Leo Glasser of the United States District Court for the Eastern District of New York in the case of *Equal Employment Opportunity Commission v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167 (E.D. N.Y. 2004).  In that case, Judge Glasser, in a thoughtful and well-reasoned opinion, examined the history, rationale, and purpose of the amendment to Title VII which permitted the EEOC to initiate a civil action in federal court against employers and concluded that the employer's private settlement of the employee's sexual harassment claim did not bar the EEOC from bringing an action based on the discrimination alleged by the employee.  The district court found that "[r]ather than victim-specific relief on behalf of [the individual plaintiff], EEOC's complaint seeks only injunctive relief.  Settled law plainly demonstrates that EEOC's unique role in vindicating the public interest makes this type of suit for injunctive relief acceptable, <u>even where the employee has entered into a settlement with the employer</u>."  *EEOC v. Bay Ridge Toyota*, 327 F. Supp. 2d 167, 173-74  (E.D.N.Y. 2004) (emphasis added) (*citing EEOC v. Kidder, Peabody & Co., Inc.*, 156 F.3d 298 (2d Cir. 1998) (EEOC may seek injunctive relief in federal court for employees even when those employees have entered into binding arbitration agreements); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir. 1975) (employee's acceptance of arbitration award and settlement does not preclude EEOC's right to bring an action in the public interest to eliminate discriminatory practices); *EEOC v. Goodyear Aerospace Corp*., 813 FD.2d 1539,

6

1539 (9th Cir. 1987); *EEOC v. United Parcel Serv.*, 860 F.2d 373 (10th Cir. 1988) (plaintiff's settlement of case with employer does not moot EEOC action because EEOC intends to vindicate the public interest in preventing employment discrimination); *EEOC v. Am. Express Co.,* 1977 WL 804, at *2 (S.D. N.Y. Jan. 10, 1977) (while settlement between employee and defendant would preclude any further recovery on his behalf by EEOC, it does not bar an EEOC suit based upon the employee's discrimination charge)).

As the district court in *Bay Ridge Toyota* noted, the EEOC maintains a right of action independent of the charging party. *See Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980) (Title VII's authorization of "private-action rights suggest that the EEOC is not merely a proxy for the victims of discrimination").

> By amending Title VII to allow EEOC to bring civil actions in federal court against private employers suspected of violating Title VII 'Congress sought to implement the public interest as well as to bring about more effective enforcement of private rights. This is so even where the employee has entered into a private settlement with the defendant in which her right to sue was limited because '[b]y seeking injunctive relief the EEOC promotes public policy and seeks to vindicate rights belong to the United States as a sovereign."

*Bay Ridge Toyota,* 327 F. Supp. 2d at 173 (*quoting EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 (9th Cir. 1987)); *see also EEOC v. Morgan Stanley & Co., Inc.*, 132 F. Supp. 2d 146, 152-53 (S.D.N.Y. 2000) ("if the EEOC were foreclosed from pursuing investigations whenever the charging party whose charge occasioned the inquiry wished to settle with his or her employer, employers would be able to forestall investigations . . . by 'buying off' any victim who had the temerity to complain").

7

Novartis also argues that "[b]ecause Ms. Brandstatter has settled her claims against Novartis and because the Complaint filed by the EEOC does **not** challenge a policy or practice or allege discrimination against any other employee, the requisite 'case or controversy' is lacking in this matter." Def's Memo. of Law, at unnumbered 1.

However, it is well settled that Title VII provides that the EEOC may recover injunctive relief upon a showing of intentional employment discrimination. See 42 U.S.C. § 2000e-5(g)(1). Indeed, upon a finding of any intentional employment discrimination, a district court possesses broad discretion to craft an injunction that will ensure the employer's compliance with the law. *See Lemon v. Kurtzman*, 411 U.S. 192, 201 (1973). "Thus, the EEOC may obtain such general injunctive relief, under the equitable discretion of the district court, even where the EEOC only identifies <u>one</u> or a mere handful of aggrieved employees." *EEOC v. Frank's Nursery & Crafts, Inc*., 177 F.3d 448, 468 (6th Cir. 1999) (emphasis added). Moreover, "<u>[t]he EEOC may obtain a permanent injunction even where it does not allege a pattern or policy of discrimination</u>.*" Id.* (emphasis added). *See, e.g.,General Tel.*, 446 U.S. at 330; *EEOC v. HBE Corp*., 135 F.3d 543, 557 (8th Cir. 1998); *Ilona v. Hungary, Inc.,* 108 F.3d 1569, 1578 (7th Cir. 1997).

The facts, issues, and arguments in *Bay Ridge Toyota* are analogous to those in this case. This Court agrees with the decision and reasoning employed by Judge Glasser in *Bay Ridge Toyota* and, therefore, adopts and incorporates said opinion and holding as the opinion of this Court. The Court finds and rules that because Brandstatter's claim for damages has been completely resolved, it is necessary to hold that that part of the EEOC's claim which seeks

damages for Brandstatter as an individual employee (i.e., victim-specific releif) is barred. However, the Court finds and rules that the EEOC may maintain the remainder of its claim(s) for injunctive relief. Accordingly, the Court will deny Novartis' Motion to Dismiss.

      An appropriate Order follows.

                                                    McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| v. | ) ) | 02: 05cv0404 |
| NOVARTIS PHARMACEUTICALS CORPORATION | ) ) ) | |

**ORDER OF COURT**

AND NOW, this 8th day of August, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) filed by Defendant, Novartis Pharmaceuticals Corporation is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Jacqueline H. McNair
Equal Employment Opportunity Commission
Email: Jacqueline.McNair@eeoc.gov

Judith A. O'Boyle
Equal Employment Opportunity Commission
Email: Judith.Oboyle@EEOC.gov

M. Jean Clickner
Equal Employment Opportunity Commission
Email: jean.clickner@eeoc.gov

Abigail D. Flynn-Kozara
Reed Smith
Email: aflynn-kozara@reedsmith.com

Martha Hartle Munsch
Reed Smith
Email: mmunsch@reedsmith.com