# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
        Plaintiff, )
)
        v. )   02: 05cv0404
)
NOVARTIS PHARMACEUTICALS )
CORP., )
)
        Defendant. )

## MEMORANDUM ORDER OF COURT

Presently before the Court are the following Motions in Limine filed by Plaintiff in this matter:

    (1)    EEOC'S FIRST MOTION IN LIMINE - MOTION TO PRECLUDE DEFENDANT FROM PRESENTING TESTIMONY FROM EMPLOYEE RICHARD DECKER (*Document No. 74*), the Response filed by Defendant (*Document No. 80*), and the Reply of the EEOC (*Document No. 86*);

    (2)    EEOC'S SECOND MOTION IN LIMINE - MOTION TO PRECLUDE DEFENDANT FROM PRESENTING TESTIMONY REGARDING THE ADVICE OF ITS LEGAL COUNSEL (*Document No. 75*) and the Response filed by Defendant (*Document No. 81*);

    (3)    EEOC'S THIRD MOTION IN LIMINE - MOTION TO PRECLUDE DEFENDANT FROM PRESENTING EVIDENCE OF TRAINING MATERIALS CONTAINED IN D-1958 (*Document No. 76)*, the Response filed by Defendant (Document No. 82), the Reply filed by the EEOC (*Document No. 85*) and the Surreply filed by Defendant

(*Document No. 88*); and

(4) EEOC'S FOURTH MOTION IN LIMINE -MOTION TO PRECLUDE DEFENDANT FROM PRESENTING EVIDENCE OF TRAINING MATERIALS OTHER THAN THOSE PRODUCED TO THE EEOC (*Document No. 77*), and the Response filed by Defendant (*Document No. 83*).

The Motions will be addressed seriatim.

### PLAINTIFF'S FIRST MOTION IN LIMINE
### Motion to Preclude Defendant from Presenting Testimony from Employee Richard Decker (*Document No. 74*)

Plaintiff seeks to preclude Defendant from calling Richard Decker as a witness at trial due to Defendant's failure to identify him as a witness in accordance with Federal Rule of Civil Procedure 26(a), (e)(1). Defendant responds that it does not intend to call Mr. Decker as a witness at trial because he is an "unavailable witness." Rather, Defendant has designated portions of Mr. Decker's deposition transcript for use at trial.

In response, Plaintiff contends that Defendant should also be precluded from introducing portions of Mr. Decker's deposition transcript. Plaintiff calls into question whether Mr. Decker is actually "an unavailable witness" because Defendant has produced no evidence that Mr. Decker is no longer employed by Novartis and is, thus, out of its control.

As to Plaintiff's latter objection, the Defendant, through counsel, has represented to the Court that Mr. Decker is an "unavailable witness." "As an officer of the court, an attorney must comport himself/herself with integrity and honesty when making representations regarding a matter in litigation." *LaSalle Nat'l Bank v. First Conn. Holding Group, LLC*, 287

F.3d 279, 293 (3d Cir. 2002). There is no reason to believe that the representation made by counsel for Defendant that Mr. Decker is unavailable has been made with anything but integrity and honesty. Accordingly, Defendant's representation in this regard is acknowledged and accepted by the Court.

Plaintiff also objects to the use at trial of selected portions of Mr. Decker's deposition transcript. However, the Court finds that Plaintiff would not be prejudiced by the presentation of such deposition testimony as same was elicited in a deposition that was noticed and taken by Plaintiff. Accordingly, this Motion in Limine is **DENIED.**

### PLAINTIFF'S SECOND MOTION IN LIMINE
### Motion to Preclude Defendant from Presenting Testimony
### Regarding the Advice of its Legal Counsel (*Document No. 75*)

Plaintiff seeks to exclude any testimony based on the advice employees or agents of the Defendant received from legal counsel. Defendant responds that it "does not intend to introduce the testimony which the EEOC seeks to exclude. More specifically, Defendant does not intend to proffer evidence at trial regarding the contents of communications with its legal counsel." Defendant's representation in this regard is acknowledged and therefore, the request of Plaintiff to exclude this anticipated testimony is **DENIED AS MOOT.**

**PLAINTIFF'S THIRD MOTION IN LIMINE**
**Motion to Preclude Defendant from Presenting Evidence of**
**Training Materials Contained in D-1958 (*Document No. 76*)**

Plaintiff seeks to preclude evidence of certain training programs contained on a disc, identified as D-1958, for the reason that same was produced after discovery had closed and, therefore, Plaintiff "had no opportunity to obtain testimony about these materials." It is not disputed that D-1958 was produced by Defendant on or about September 19, 2006. It is likewise not disputed that the parties agreed that Defendant would have an extension of time until September 30, 2006, in which to respond to Plaintiff's third request for production of documents. Thus, it does not appear to the Court that D-1958 was produced in an untimely fashion.

Moreover, the Court notes that Plaintiff never sought to reopen discovery to take additional depositions or serve additional written discovery based on the materials Defendant produced on September 19, 2006. Further, before the filing of the instant Motion in Limine, Plaintiff had not notified the Court the D-1958 was "indecipherable" and, according to Defendant, Plaintiff never advised Defendant that it had difficulty accessing the materials contained on D-1958.

For these reasons, the Motion in Limine is **DENIED**.


**PLAINTIFF'S FOURTH MOTION IN LIMINE**
**Motion to Preclude Defendant from Presenting Evidence of Training Materials**
**Other than Those Produced to the EEOC (*Document No. 77*)**

Plaintiff seeks to preclude Defendant from presenting evidence of training materials other than those produced to the Plaintiff. Defendant responds that it does not intend to offer

at trial any documents in the nature of training programs or training materials that it did not produce in discovery. Therefore, Plaintiff's request to exclude this anticipated evidence is **DENIED AS MOOT**.

So **ORDERED** this 29th day of January, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Jacqueline H. McNair, Esquire
Equal Employment Opportunity Commission
Email: Jacqueline.McNair@eeoc.gov

Judith A. O'Boyle, Esquire
Equal Employment Opportunity Commission
Email: Judith.Oboyle@EEOC.gov

M. Jean Clickner, Esquire
Equal Employment Opportunity Commission
Email: jean.clickner@eeoc.gov

Rachel M. Smith, Esquire
Email: rachel.smith@eeoc.gov

Abigail D. Flynn-Kozara, Esquire
Reed Smith
Email: aflynn-kozara@reedsmith.com

Martha Hartle Munsch, Esquire
Reed Smith
Email: mmunsch@reedsmith.com

Kim M. Watterson, Esquire
Reed Smith
Email: kwatterson@reedsmith.com