# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 05cv0404 |
| NOVARTIS PHARMACEUTICALS CORP., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER OF COURT

Presently before the Court is the MOTION IN LIMINE TO EXCLUDE TESTIMONY AND REPORT OF PLAINTIFF'S PROPOSED EXPERT, with brief in support, filed by Defendant, and the RESPONSE IN OPPOSITION filed by Plaintiff. Upon review of the memoranda and the applicable law, the Motion is **DENIED.**

The purpose of *Daubert* is to ensure that only reliable and relevant expert testimony is presented to the jury. Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district court sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003). *See also Alco Industries, Inc. v. Wachovia Corp.*, --- F. Supp. 2d ----, 2007 WL 3341469 (E.D. Pa. 2007) *(quoting In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("Where the gatekeeper and the

factfinder are one and the same - that is, the judge - the need to make such decisions prior to hearing the testimony is lessened.").

Given that this case is a bench trial, and thus that the objectives of *Daubert*, upon which the instant motion is premised, are no longer implicated, the Court finds that the motion in limine to exclude testimony and report of Plaintiff's proposed expert should be denied at this time. Following the introduction of the alleged expert testimony at trial, the Court will either exclude it at that point, or give it whatever weight it deserves.

Accordingly, Defendant's motion is **DENIED**.

So **ORDERED** this 29th day of January, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Jacqueline H. McNair, Esquire
Equal Employment Opportunity Commission
Email: Jacqueline.McNair@eeoc.gov

Judith A. O'Boyle, Esquire
Equal Employment Opportunity Commission
Email: Judith.Oboyle@EEOC.gov

M. Jean Clickner, Esquire
Equal Employment Opportunity Commission
Email: jean.clickner@eeoc.gov

Rachel M. Smith, Esquire
Email: rachel.smith@eeoc.gov

Abigail D. Flynn-Kozara, Esquire
Reed Smith
Email: aflynn-kozara@reedsmith.com

Martha Hartle Munsch, Esquire
Reed Smith
Email: mmunsch@reedsmith.com

Kim M. Watterson, Esquire
Reed Smith
Email: kwatterson@reedsmith.com